Neville L. Johnson (SBN 66329)
Douglas L. Johnson (SBN 209216)
Alyson C. Decker (SBN 252384)
JOHNSON & JOHNSON LLP
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile: (310) 975-1095
Email: njohnson@jjllplaw.com
djohnson@jjllplaw.com
adecker@jjllplaw.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RED EAGLE ENTERTAINMENT, LLC, a California limited liability company; and MANETHEREN, LLC, a California limited liability company;

Plaintiffs,

vs.

BANDERSNATCH GROUP, INC., a South Carolina corporation; HARRIET P. MCDOUGAL, an individual; and DOES 1through 20, inclusive,

Defendants.

Case No.: 2:15-cv-1038

Assigned for all Purposes to:
Hon. Stephen V. Wilson

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE SECOND, THIRD, AND FOURTH CAUSES OF ACTION CONTAINED IN PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Complaint Filed: Feb. 12, 2015

Date: Monday, April 27, 2015
Time: 1:30 p.m.
Courtroom 6

[Filed concurrently herewith Defendants' Notice of Motion, Defendants' Request for Judicial Notice, and [Proposed] Order]

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*
556 U.S. 622 (2009) .......... 3, 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544, 555 (2007) .......... 3, 6

*U.S. v. Corinthian Colls.*
655 F.3d 984 (2011) .......... 4FN1

*Curtis v. Shinsachi Pharm. Inc.*
2014 WL 4425822 (C.D. Cal. Sept. 9, 2014) .......... 8

*Crown Imps., LLC v. Super. Ct.*
223 Cal. App. 4th 1395 (2014) .......... 8

*Daniels-Hall v. Nat'l Educ. Ass'n*
629 F.3d 992 (9th Cir. 2010) .......... 4FN1

*Davis v. Wood*
61 Cal. App. 2d 788 (1943) .......... 4

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
11 Cal. 4th 376 (1995) .......... 7

*Edwards v. Arthur Andersen LLP*
44 Cal. 4th 937 (2008) .......... 8

*Flores v. EMC Mortgage Co.*
997 F. Supp. 2d 1088 (E.D. Cal. 2014) .......... 3, 6, 8

*Fresno Motors, LLC v. Mercedes Benz USA, LLC*
771 F.3d 1119 (9th Cir. 2014) .......... 6, 7, 8

*In re Century Aluminum Co. Sec. Litig.*
729 F.3d 1104 (9th Cir. 2013) .......... 3

*In re Gilead Scis. Sec. Litig.*
536 F.3d 1049 (9th Cir. 2008) .......... 3, 5

*Kendall v. Visa U.S.A., Inc.*
518 F.3d 1042 (9th Cir. 2008) .......... 3

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003) .......... 8

*Marder v. Lopez*
450 F.3d 445 (9th Cir. 2006) .......... 4FN1

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*
269 F. Supp. 2d 1213 (C.D. Cal. 2003) .......... 2, 8

*M.F. Farming, Co. v. Couch Distrib. Co.*
207 Cal. App. 4th 180 (2012) .......... 4

*Moore v. Apple, Inc.*
2014 WL 5830374 (N.D. Cal. Nov. 10, 2014) .......... 6

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) .......... 2

*N.L.R.B. v. Vista Del Sol Health Servs., Inc.*
40 F.Supp.3d 1238 (C.D. Cal. 2014) .......... 3

*Perkins v. LinkedIn Corp.*
2014 WL 2751053 (N.D. Cal. June 12, 2014) .......... 4FN1

*Ramona Manor Convalescent Hosp. v. Care Enters.*
177 Cal. App. 3d 1120 (1986) .......... 6

*Shroyer v. New Cingular Wireless Servs., Inc.*
622 F.3d 1035 (9th Cir. 2010) .......... 2, 5, 6

*Signature Mgmt. Team, LLC v. Automatic, Inc.*
941 F. Supp. 2d 1145 (N.D. Cal. 2013) .......... 4FN1

*Somers v. Apple, Inc.*
729 F.3d 953 (9th Cir. 2013) .......... 3

*Loan Mktg. Ass'n v. Hanes*
181 F.R.D. 629 (S.D. Cal. 1998) .......... 3, 8

*Sumner Hill Homeowners' Ass'n, Inc. v. Rio Mesa Holdings, LLC*
205 Cal. App. 4th 999 (2012) .......... 3, 4, 5

*Thompson v. White*
70 Cal. 135 (1886) .......... 4

*Winchester Mystery House, LLC v. Global Asylum, Inc.*
210 Cal. App. 4th 579 (2012) .......... 7

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. BRIEF STATEMENT OF FACTS ........ 1

III. ARGUMENT ........ 2

A. Plaintiffs Have Not Adequately Pled all of the Essential Elements for a Claim of Slander of Title ........ 3

B. Plaintiff's Allegations as to Intentional Interference with Contractual Relations Are Conclusory and Insufficient ........ 6

C. Plaintiffs Have Failed to Plead all of the Required Elements of a Claim for Intentional Interference with Prospective Economic Relations ... 7

IV. CONCLUSION ........ 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Red Eagle Entertainment, LLC ("Plaintiff Red Eagle") and Manetheren, LLC ("Plaintiff Manetheren") rushed to release a television "pilot" at the very last minute in an effort to preserve an option on *The Wheel of Time* book series that they had failed to act on for more than ten years. Then, they rushed to file a Complaint against Defendants Bandersnatch Group, Inc. ("Bandersnatch") and Harriet P. McDougal so that they could pick the jurisdiction they wanted to be in when the inevitable litigation over who actually owns the motion picture and television rights to *The Wheel of Time* book series began. The result is a slipshod pleading composed of entirely conclusory allegations that are not supported by material facts. Furthermore, Plaintiffs, in their mad dash to the courthouse steps, have failed to plead all of the required elements of several of their causes of action. Because Plaintiffs have not sufficiently pled their claims, the Court should grant Defendants' Motion to Dismiss Plaintiffs' second, third, and fourth causes of action without leave to amend.

## II. BRIEF STATEMENT OF FACTS

Over a decade ago, the author of *The Wheel of Time* book series entered into a one-year option agreement for the motion picture, television, and allied rights to the first book in the series with Plaintiff Manetheren's predecessor in interest. *See* Complaint at ¶ 13. After multiple extensions and amendments, including the replacement of the author by Bandersnatch as a successor in interest and the inclusion of all of the books from the series into the agreement, Plaintiff Manetheren's option was finally expected to expire on February 11, 2015. *See id.* at ¶¶ 14-15. After ten plus years without the release of a motion picture or a television pilot, all of the rights were set to revert back to Bandersnatch. *See id.* at ¶¶ 14-15.

Plaintiffs, however, not wanting to give up their option to capitalize on *The*

*Wheel of Time* book series and reap the benefits of controlling the next *Lord of the Rings* or *Game of Thrones* saga, threw together a last-minute television "pilot." *See id.* at ¶ 24. This "pilot" aired once on the FXX cable network late at night/early in the morning on February 8-9, 2015. *See id.* In response to this airing of the "pilot," Harriet P. McDougal, the widow of the author, issued a statement online commenting that "she was 'dumbfounded' by the release of the Pilot." *Id.* at ¶ 26.

Despite being unable to point to a single contract that has been interfered with or any specific monetary damages that have been suffered, Plaintiffs filed this action against Harriet P. McDougal and Bandersnatch just a mere three days after the alleged "disparaging" statement had been made. In their Complaint, Plaintiffs claim, amongst other things, that Defendants have slandered their title to the motion picture and television rights to *The Wheel of Time* book series, that Defendants have intentionally interfered with Plaintiff Manetheren's contractual relations, and that Defendants have also intentionally interfered with Plaintiffs' prospective economic relations. *See id.* at ¶¶ 31-32 and 38-59. All of this allegedly occurred in less than a week and based entirely on one single statement of dumbfoundment.

## III. ARGUMENT

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Thus, dismissal is appropriate when there is "'an absence of sufficient facts alleged to support a cognizable legal theory.'" *Id.* (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal is also warranted "where the plaintiff fails to state a claim upon which relief may be granted." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1218 (C.D. Cal. 2003).

When considering a motion to dismiss, the Court "is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088,

1100 (E.D. Cal. 2014) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). Failure "'to plead sufficiently all required elements of a cause of action'" is fatal to any claim, even when the Complaint is construed in the light most favorable to Plaintiffs. *Id.* at 1101 (quoting *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998)). Thus, conclusory allegations and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (requiring further factual enhancements beyond merely naked assertions); *see also Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (stating that the pleading requirements of Federal Court "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1107 (9th Cir. 2013) (commenting that "pure notice pleading" is no longer sufficient in Federal Court).

Furthermore, "'[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.'" *Somers*, 729 F.3d at 960 (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008)); *see also N.L.R.B. v. Vista Del Sol Health Servs., Inc.*, --- F. Supp. 2d ---, 2014 WL 4243326 at *11 (C.D. Cal. July 7, 2014) (finding that dismissal with prejudice is appropriate where amendment would be futile); *Flores*, 997 F. Supp. 2d at 1100.

**A. Plaintiffs Have Not Adequately Pled all of the Essential Elements for a Claim of Slander of Title**

To be able to move forward with their claim for slander of title, Plaintiffs must allege: "(1) a publication, (2) without privilege or justification, (3) falsity, and (4) direct pecuniary loss." *Sumner Hill Homeowners' Ass'n, Inc. v. Rio Mesa Holdings, LLC*, 205 Cal. App. 4th 999, 1030 (2012). Plaintiffs have failed to adequately plead two of these key elements. First, the statement made by Defendants speaks solely to Defendants' own and a third-party's interests in the

///

rights to develop a television series based on *The Wheel of Time* book series.[1] *See* Defendants' Request for Judicial Notice at Exhibit A. As such, and considering that these are the very disputed rights raised in this case in Plaintiffs' fifth cause of action for declaratory relief, this statement of an interest in or ownership of the property at question amounts to a qualified privilege. *See M.F. Farming, Co. v. Couch Distrib. Co.*, 207 Cal. App. 4th 180, 198 (2012); *Davis v. Wood*, 61 Cal. App. 2d 788, 794 (1943); *Thompson v. White*, 70 Cal. 135, 135-36 (1886). Because these statements of self-ownership are privileged, Plaintiffs have failed to adequately plead the second element of a claim for slander of title, which requires them to allege that the published statement was without privilege. *See Sumner Hill*

---

[1] The Court may take judicial notice of "'matters of public record.'" *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (2011). This includes verified publications made on social media websites such as Google+. *See, e.g.*, *Perkins v. LinkedIn Corp.*, --- F. Supp. 2d ---, 2014 WL 2751053 at *7-8 (N.D. Cal. June 12, 2014), *Signature Mgmt. Team, LLC v. Automatic, Inc.*, 941 F. Supp. 2d 1145, 1147-48 (N.D. Cal. 2013). Here Defendants ask that the Court take judicial notice of what was published to the public on February 9, 2015 on Robert Jordan's The Wheel of Time Google+ page. The issue of whether or not the statement was false or true is not currently before the Court, just the mere question of what was published, which is part of the public record. Alternatively, the Court may consider "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colls.*, 655 F.3d at 999. "The court may 'treat such a document as 'part of the complaint, and thus may assume its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). The February 9, 2015 publication on Robert Jordan's The Wheel of Time Google+ page is referenced throughout the Complaint, is central to nearly all of the claims raised in this case, and forms the basis of Plaintiffs' second, third, and fourth causes of action. *See, e.g.*, Complaint at ¶¶ 25-26, 29-31, 36, 39-40, 49, and 56. Nor can there be any legitimate dispute that this was not the statement originally published by Defendants as a copy of the statement was provided by counsel for Plaintiffs to Defendants in a February 10, 2015 letter. *See* Defendants' Request for Judicial Notice at Exhibit B.

*Homeowners' Ass'n, Inc.*, 205 Cal. App. 4th at 1030.

Second, pecuniary loss "is an essential element of a slander of title cause of action." *Id.* Plaintiffs have failed to plead any specific pecuniary loss that they have suffered from the alleged misconduct of Defendants. Instead Plaintiffs make only conclusory statements that they "have been harmed in an amount to be proven at trial." *See* Complaint at ¶ 44. Nor is there a single allegation as to the amount of any claimed loss or as to any pecuniary reduction in any of the rights Plaintiffs may or may not have in the development of a television series based on *The Wheel of Time* book series. Instead, Plaintiffs talk obliquely of "harm [to Plaintiff] Manetheren's ability to enter into new contractual relationships," (without identifying a single contractual relationship that was affected), and a "loss of public goodwill." *See id.* at 31-32. Neither of these amounts to a sufficient allegation of a **pecuniary** injury. Not to mention that the Complaint appears to be completely devoid of even a single mention of any "monetary" injuries actually suffered by Plaintiff Red Eagle. Such conclusory and unsupported statements of injury do not satisfy Plaintiffs' pleading burden. *See, e.g.*, *Iqbal*, 556 U.S. at 678 (stating that the pleading requirements of Federal Court "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Shroyer*, 622 F.3d at 1041; *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.

Because Plaintiffs have failed to adequately plead two of the four elements for slander of title, this claim should be dismissed. Furthermore, no leave to amend should be granted as Plaintiffs cannot "cure" or plead around the qualified privilege that Defendants have to assert their interest in a property whose ownership is contested.

///

///

///

///

**B. Plaintiff's Allegations as to Intentional Interference with Contractual Relations Are Conclusory and Insufficient**

To begin with, Plaintiff Manetheren is not alleging that any contracts have actually been breached because of any statements made by Defendants. *See* Complaint at ¶ 49. Instead it alleges that either it has been prevented from performing under the contracts in question or that its performance has been made more expensive or difficult. *See id.* This "interference" with performance is a required element for a claim of intentional interference with contractual relations where no breach has been induced. *See, e.g.*, *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1131 (1986); *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014); *Moore v. Apple, Inc.*, --- F. Supp. 3d ---, 2014 WL 5830374 at *7 (N.D. Cal. Nov. 10, 2014). Therefore, this element must be sufficiently pled and supported with material facts to survive a motion to dismiss in Federal Court. *See, e.g.*, *Twombly*, 550 U.S. at 555, 557; *Shroyer*, 622 F.3d at 1041; *Flores*, 997 F. Supp. 2d at 1100.

The Complaint, however, makes nothing more than a couple of overly general and conclusory statements as to any interference or effect on Plaintiff Manetheren's performance of these undescribed contracts with various affiliates and third-parties. *See* Complaint at ¶¶ 19, 31, and 49. There is not a single fact explaining how any performance was prevented. There is not a single detail as to how any performance was made more expensive. And, there is not a single sentence describing how any performance was made more difficult. Such bare boned allegations are completely insufficient to satisfy the pleadings requirements and necessitate that this third cause of action be dismissed.

In addition, at least one of the contracts that Plaintiff Manetheren alleges Defendants interfered with was between Plaintiff Manetheren and an affiliated entity. *See* Complaint at ¶¶ 19 ("Manetheren also entered into a series of agreements with affiliates and independent third parties…"), 31, 47, and 49.

However, California law clearly requires that for the existence of any claim of intentional interference with contractual relations, there must be "a valid contract between plaintiff and a **third party**." *Winchester Mystery House, LLC v. Global Asylum, Inc.*, 210 Cal. App. 4th 579, 596 (2012) (emphasis added); *see also Fresno Motors, LLC*, 771 F.3d at 1125. Because an affiliate is an entity which is either "controlled," at least in part, by the company that it is an affiliate of, (or both companies are controlled by the same "parent" company), then, logically, an affiliate cannot be an independent third party. *See also* Complaint at ¶ 19 (drawing a distinction between "affiliates" and "independent third parties").

Thus, it follows that Plaintiff Manetheren cannot state a claim for intentional interference with contractual relations when the contract allegedly being interfered with is not a contract between Plaintiff Manetheren and an independent third party, but rather between Plaintiff Manetheren and its affiliate. Not to mention that even if an affiliate of Plaintiff Manetheren is considered a "third party," the affiliate would surely be aware, in the same way that Plaintiff Manetheren claims to be, as to the falsity or veracity of any statements made by Defendants and would not, if any such statement was false, make performance harder or more expensive for Plaintiff Manetheren or let such a "false" statement interfere with any contract that affiliate might have with the Plaintiff. For this reason, this fourth cause of action also fails as to any alleged interference with a contract that is solely with an affiliate of Plaintiff Manetheren and should be dismissed.

### C. Plaintiffs Have Failed to Plead all of the Required Elements of a Claim for Intentional Interference with Prospective Economic Relations

Unlike intentional interference with contractual relations, intentional interference with prospective economic relations requires that Plaintiffs plead that the "interference was wrongful 'by some measure beyond the fact of the interference itself.' [citation omitted]" *Della Penna v. Toyota Motor Sales, U.S.A.,*

*Inc.*, 11 Cal. 4th 376, 392-93 (1995); *see also Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014); *Curtis v. Shinsachi Pharm. Inc.*, --- F. Supp. 3d ---, 2014 WL 4425822 at *8 (C.D. Cal. Sept. 9, 2014); *Crown Imps., LLC v. Super. Ct.*, 223 Cal. App. 4th 1395, 1404-1405 (2014); *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 944 (2008). "'[A]n act is independently wrongful if it is unlawful.'" *Edwards*, 44 Cal. 4th at 944 (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153-54 (2003)). This unlawfulness must be "'for reasons other than it interfered with a prospective economic advantage.'" *Crown Imps., LLC*, 223 Cal. App. 4th at 1404 (internal citations omitted); *see also Fresno Motors, LLC*, 771 F.3d at 1125 (noting that the conduct must be "'wrongful by some legal measure other than the fact of the interference itself.' [citation omitted]").

Despite this well-established legal rule, there is not a single allegation within Plaintiffs' fourth cause of action of any wrongful conduct other than the claimed interference itself. *See* Complaint at ¶¶ 54-59. As Plaintiffs have not even bothered to plead one of the essential elements of this claim, the Court must dismiss this fourth cause of action because failure "'to plead sufficiently all required elements of a cause of action'" is fatal.[2] *Flores*, 997 F. Supp. 2d at 1101 (quoting *Hanes*, 181 F.R.D. at 634); *see also Metro-Goldwyn-Mayer Studios Inc.*, 269 F. Supp. 2d at 1218.

///

///

///

///

///

///

---

[2] Also, for the reasons stated in Sections III. A-B, there is no independently wrongful conduct.

## IV. CONCLUSION

Because Plaintiffs have failed to sufficiently plead all of the required elements of several of their causes of action, and have failed to support all of their claims with properly alleged material facts, Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiffs' Second, Third, and Fourth causes of action.

DATED: March 19, 2015

**JOHNSON & JOHNSON LLP**

By /s/ Neville L. Johnson

Neville L. Johnson
Douglas L. Johnson
Alyson C. Decker
Attorneys for Defendants